ANTONINA HALLOWACH, Admrx., *vs.* MAURICE A. PRIEST.

Kennebec.     Opinion August 9, 1915.

*Administrator.     Contract.     Negligence.     Nominal Party.     R. S., Chap. 84, Sec. 112.     Tort.     Witnesses.*

1.  At common law, parties were not competent witnesses in their own suits. In this State, by statute, parties in general may be witnesses in their own behalf, but not when at the time of the trial, "the party prosecuting, or the party defending, or any one of them, is an executor or an administrator."

2.  An exception to the rule of exclusion exists when "the representative party is nominal only."

3.  The statute makes no distinction between actions of contract and actions of tort.

4.  The statutory policy that living parties should not be permitted to tell their stories when the lips of adverse parties are sealed by death applies with equal force to torts and contracts.

5.  The living party's wife is not a competent witness for him in such case.

·On exceptions by plaintiff.   Exceptions sustained.

This is an action of tort brought by plaintiff to recover damages for injuries to her intestate by being run over by an automobile driven by the defendant, from which injuries the plaintiff's intestate subsequently died.   Plea, general issue.

At the trial, the defendant and his wife were permitted to testify to the circumstances of the accident; to which admission of said testimony, the plaintiff excepted.                                        .

The case is stated in the opinion.

*Williamson, Burleigh & McLean,* for plaintiff.

*P. A. Smith,* for defendant.

SITTING:  SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J.   Action on the case for the alleged negligence of the defendant in the operation of an automobile whereby the plaintiff's intestate was run against, thrown down, and otherwise so injured that he subsequently died, after a long period of conscious suffering.   At the trial, against the objection of the plaintiff, the defendant and his wife were permitted to testify as to the circumstances of the accident, and the case comes up on the plaintiff's exceptions to the admission of that testimony.

We think the exceptions must be sustained.   At common law, parties were not competent witnesses in their own suits.   In this State, by statute, parties in general may be witnesses in their own behalf, but not when at the time of the trial, "the party prosecuting, or the party defending, or any one of them, is an executor or an administrator."   R. S., Chap 84, Sec. 112.   An exception to the rule of exclusion exists when "the representative party is nominal only.   Same section.   This exception does not apply in this case. This suit, like ordinary suits by executors or administrators, is brought for the benefit of the estate of the deceased.

The statute makes no distinction between actions of contract and actions of tort.   Nor do we think there is any distinction in reason. The statutory policy that living·parties should not be permitted to tell their stories when the lips of adverse parties are sealed by death applies with equal force to torts and contracts.   In torts, as in contracts, all the parties ordinarily are cognizant of the circumstances attending the tort.   And if by reason of death some of them cannot

testify, the others should not. That is the policy of the statute. And this policy has been enforced many times by the court. *Farnham* v. *Virgin,* 52 Maine, 576; *Kelton* v. *Hill,* 59 Maine, 259; *Brooks* v. *Goss,* 61 Maine, 307; *McLean* v. *Weeks,* 65 Maine, 411; *Sherman* v. *Hall,* 89 Maine, 411. Nor is the defendant's wife a competent witness for him. · *Berry* v. *Stevens,* 69 Maine, 290; *Hubbard* v. *Johnson,* 77 Maine, 139.

*Exceptions sustained.*